**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Blair, | No. CV-24-03157-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Barrett Financial Group LLC, | |
| Defendant. | |

Defendant Barrett Financial Group LLC ("Defendant") has filed an Expedited Motion to Stay (Doc. 18) this action pending the Court's decision on its Motion to Compel Arbitration (Doc. 12). Plaintiff Jennifer Blair ("Plaintiff") has filed a Response opposing Defendant's Motion to Stay (Doc. 21) and Defendant has filed a Reply (Doc. 23). The Court grants Defendant's Motion to Stay for the following reasons.

**I.   Background**

Plaintiff, Defendant's former employee, has brought this action against Defendant for Failure to Pay Overtime under the Fair Labor Standards Act, 29 U.S.C. § 207, on her own behalf and on behalf of other similarly situated former and current employees who were not compensated for their overtime wages. (Doc. 1). Plaintiff brings this action as a collective action and asks for the "prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b)." (*Id*. at 9, ¶ A). Plaintiff

has also filed a Motion to Certify Class (Doc. 11) and seeks to issue a Notice of Collective Action to potential opt-in plaintiffs (Doc. 11-3).  The Court has yet to rule on the Motion to Certify Class.

After Plaintiff filed these two Motions Defendant moved to compel arbitration and dismiss this matter due to an Arbitration Agreement between the parties which it argues is binding.  (Doc. 12).  This Arbitration Agreement states that:

> I agree that if I am unable to resolve any dispute through the internal policies and procedures of BFG, I will arbitrate (instead of filing a lawsuit or discrimination charge with any court or governmental agency) any legal claim that I might have against BFG or its employees, in connection with my employment or termination of employment, including but not limited to any claim of employment discrimination of harassment based on age, sex, marital status, religion, sexual orientation, national origin, disability or status with respect to receipt of public assistance, under federal or state law or city ordinance, whether arising out of issues or matters occurring before the date of this Agreement or after such date.
>
> Waiver. I agree that there will be no right or authority for any dispute to be brought, heard, or arbitrated as a class, collective, representative or private attorney general action.

(Doc. 12-1 at 2–3).

In its Motion to Compel Arbitration, Defendant also argues that a stay is proper under Section 3 of the Federal Arbitration Act ("FAA") because the statute mandates a stay.  (Doc. 12 at 25 (citing 9 U.S.C. § 3 (providing that the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.")).  After filing this Motion, Defendant also filed a separate Expedited Motion to Stay.  (Doc. 18).

## II.   Legal Standard

A pending dispositive motion is not generally "a situation that in and of itself would warrant a stay of discovery."  *DRK Photo v. McGraw-Hill Companies, Inc.*, 2012 WL 5936681, at *1 (D. Ariz. Nov. 27, 2012) (internal citation omitted).  However, the case for staying discovery is "particularly strong when the underlying dispositive motion on which the stay request is premised is a motion to compel arbitration" because without a stay "the

advantages of arbitration—speed and economy—are lost forever." *Williams v. Experian Info. Sols. Inc.*, 2024 WL 739676, at *2–4 (D. Ariz. Feb. 23, 2024) (citing *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023)).

The party seeking a stay of discovery "carries the heavy burden of making a strong showing why discovery should be denied." *Id*. Courts in the Ninth Circuit employ a three-prong test to determine whether a stay is appropriate, including: "1) the pending dispositive motion must be potentially dispositive of the entire case; 2) the court must either be 'convinced' that the dispositive motion will be granted, or the court must find that a 'clear possibility' exists that the dispositive motion will be granted; and 3) the court must be able to resolve the dispositive motion without any additional discovery." *Cebrynski v. Wells Fargo Bank NA*, 2022 WL 2290561, at *1 (D. Ariz. June 24, 2022) (citing *Baadsgaard v. Safeco Ins. Co. of Illinois*, 2020 WL 6273405, at *2 (D. Mont. Sept. 21, 2020).

Application of this test requires the court to take a "preliminary peek" at the merits of the pending dispositive motion. *McGraw-Hill Companies, Inc.*, 2012 WL 5936681, at *2. To be entitled to a discovery stay, the moving party must show there is an "immediate and clear possibility of success" on its motion. *Mlejnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743, at *5–6 (E.D. Cal. Feb. 7, 2011).

**III.   Discussion**

Defendant argues that allowing this litigation to proceed before the Court decides its Motion to Compel Arbitration will create irreparable harm by eroding its arbitration rights, contrary to the FAA's purpose of promoting streamlined resolution outside the judicial process. (Doc. 18 at 2). Plaintiff argues that Defendant's Motion to Compel Arbitration is not dispositive of the entire case due to another opt-in Plaintiff who has filed consent to join the action. (Doc. 21 at 5). She also argues that a stay is not appropriate here because discovery will have to proceed during arbitration as well and that, because Defendant has threatened Plaintiff, there is a high likelihood that other potential plaintiffs or witnesses may similarly be threatened to dissuade them from joining or testifying. (*Id*. at 5–6). If the Court issues a stay, Plaintiff asks the Court to issue a gag order

prohibiting Defendant, its Counsel, or its management from "communicating with any other current and/or former employee regarding this lawsuit, who may be a potential class member." (*Id*. at 6). The Court will first address the Motion to Stay and then move on to Plaintiff's requested communication restriction.

### A.     The Motion to Stay

#### 1.     Dispositive Motion

The first prong of the three-part test is satisfied. Courts routinely find that motions to compel arbitration are dispositive motions. *See, e.g., Arik v. Meyers*, 2020 WL 515843, at *1–2 (D. Nev. Jan. 31, 2020) (discussing dispositive nature of a motion to compel arbitration). Indeed, "granting a motion to compel arbitration does not simply change the forum for resolution of a dispute, it changes the nature and process of that resolution. Potentially depriving a party of the ability to litigate in a court renders a motion to compel arbitration dispositive for purposes of determining whether to stay discovery." *Id*. at *2.

Plaintiff argues that the existence of other opt-in plaintiffs renders this Motion non-dispositive. (Doc. 21 at 45). However, Plaintiff ignores that the Motion to Compel Arbitration cites to an agreement wherein she waived her right to bring a class or collective action. (Doc. 12-1 at 3). Furthermore, other potential opt-in Plaintiffs have also signed this same agreement as part of their employment with Defendant. (Doc. 16-2 at 3 (notifying Plaintiff that "these individuals are also bound by similar ADR Agreements, which bar them from participating in a collective action.")). So, Defendant's Motion to Compel Arbitration is *potentially* dispositive of the entire case. *See Cebrynski*, 2022 WL 2290561, at *1.

#### 2.     Clear Possibility of Success

Having taken this "peek" at the merits of the Motion, the Court concludes that Defendants have demonstrated a clear and immediate possibility of success on their Motion to Compel. Indeed, other courts within this district have stated that they "cannot ignore that many courts, including the Ninth Circuit, have granted requests by Defendant to compel arbitration under what appears to be [a similar] agreement." *Williams v. Experian*

*Info. Sols. Inc.*, 2024 WL 739676, at *4 (D. Ariz. Feb. 23, 2024) (citing *Meeks v. Experian Info. Servs., Inc.*, 2022 WL 17958634 (9th Cir. 2022)). Thus, without deciding how it will rule on the Motion to Compel Arbitration, the Court concludes that the second prong is satisfied.

### 3. Additional Discovery

The Motion to Compel Arbitration is fully briefed. (*See* Docs. 12, 16 and 20). Plaintiff has not argued the need for further discovery before responding. (Doc. 21 at 6–7). Thus, because additional discovery is not needed to resolve the potentially dispositive motion, this prong is also met. *See Ferrell v. AppFolio, Inc.*, 2024 WL 132223, at *2 (C.D. Cal. Jan. 8, 2024) ("[Plaintiff] has already filed her opposition to the underlying motion, so it is not clear what purpose limited discovery would serve.").

## B. Plaintiff's Requested Communication Restriction

Plaintiff asks that if the Court grants Defendant's Motion to Stay, it also "impose a communication restriction on Defendant's counsel, Defendant's owners, and any other supervisor and/or manager from communicating with any other current and/or former employee regarding this lawsuit, who may be a potential class member." (Doc. 21 at 6). The Court denies this request as it is premature.

"The Supreme Court recognizes that district courts have the duty and the power to oversee communications from both defendants and class counsel with potential class members and FLSA collective action participants." *Dominguez v. Better Mortg. Corp.*, 88 F.4th 782, 791 (9th Cir. 2023). However, this power "must be exercised cautiously." *Id*. District courts have "broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Id*. (citations omitted). A district court "may issue 'an order limiting communications between parties and potential class members . . . based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties'" or run the risk of imposing an unconstitutional prior restraint on speech. *Id*. (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981)). "The FLSA's anti-

retaliation clause is designed to ensure that employees are not compelled to risk their jobs in order to assert their wage and hour rights under the Act." *Lambert v. Ackerley*, 180 F.3d 997, 1002–04 (9th Cir. 1999).

The restrictions on a defendant's communication with class members arises from the existence of an attorney-client relationship. *See Parks v. Eastwood Ins. Servs., Inc.*, 235 F. Supp. 2d 1082, 1083 (C.D. Cal. 2002). In a class action that has been certified under Rule 23 of the Federal Rules of Civil Procedure, "absent class members are considered represented by class counsel unless they choose to 'opt out.' " *Id.* (citing *Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193, 1207 n. 28 (11th Cir.1985)). The situation is "different" in a collective action for unpaid wages or overtime under the FLSA. *See Parks*, 235 F. Supp. 2d at 1083. Section 216(b) of the FLSA provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party." 29 U.S.C. § 216(b). "Until they 'opt-in,' prospective § 216(b) plaintiffs are not yet parties to the action, they have no attorney, and no attorney-client relation is yet in issue. The Court's authorization to give notice in a § 216(b) case does not create a class of represented plaintiffs as it does in a Rule 23 class action." *Parks*, 235 F. Supp. 2d at 1083.

In Rule 23 class actions, "*pre-certification* communication from the defense to prospective plaintiffs is generally permitted" because "no attorney-client relationship yet exists." *Id.* (emphasis added). The same can be said for opt-in plaintiffs in a Section 216 collective action because no attorney-client relationship exists until they opt in. *See id.* Accordingly, a defendant employer may communicate with prospective plaintiff employees in an FLSA collective action who have not yet opted in to the collective "unless the communication undermines or contradicts the Court's own notice to prospective plaintiffs." *Parks*, 235 F. Supp. 2d at 1082 (emphasis added).

In this case, after Plaintiff filed her collective action Complaint in this matter, Defendant's counsel sent her a letter informing her that she had signed an arbitration agreement. (Doc. 16-2 at 2–4). In this letter, Defendant states that "it has come to our attention that your client has contacted current and former Barrett Financial Group

employees to solicit their participation in this collective action. This conduct constitutes tortious interference with contractual relations . . . ***We caution you and your client to cease any such further conduct immediately***." (*Id.* at 3–4) (emphasis added). The Court finds this communication concerning. However, the Court finds that Plaintiff's request for a communication restriction, a prior restraint on speech, is premature.

Plaintiff has filed a Motion to Certify Class, but the Court has yet to rule on it or grant authorization to give notice to potential plaintiffs. Without having granted such authorization of notice, the Court cannot have its "own notice to prospective plaintiffs" undermined. *See Parks*, 235 F. Supp. 2d at 1082 (emphasis added). Moreover, like plaintiffs in a pre-certification class action, any potential opt-in plaintiffs to this action are not yet represented by counsel; so, communication from the defense to these prospective plaintiffs should generally be permitted. *See id.* Thus, the Court will deny Plaintiff's request, but it will do so without prejudice to renew.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Stay (Doc. 18) is **GRANTED**. The Court will stay discovery in this matter until it decides Defendant's Motion to Compel Arbitration (Doc. 12).

Dated this 9th day of January, 2025.

_____
Honorable Diane J. Humetewa
United States District Judge