**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Jennifer Blair,

           Plaintiff,

v.

Barrett Financial Group LLC,

           Defendant.

No. CV-24-03157-PHX-DJH

**ORDER**

      Defendant Barrett Financial Group LLC ("Defendant") has moved to compel arbitration against Plaintiff Jennifer Blair ("Plaintiff Blair") under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-10.  (Doc. 12).  Defendant has also moved to compel arbitration against Opt-In Plaintiff Chantil Rake ("Plaintiff Rake") (collectively, "Plaintiffs").  (Doc. 24).  These Motions are fully briefed.  (Docs. 16, 20, 28–29).  The Court will compel arbitration between the parties, but stay the case pending arbitration.[1]

## I.    Background

      Plaintiff Blair and any prospective Collective Members are current and former employees of Defendant, such as loan processors.  (Doc. 1 at ¶ 1).  Plaintiff alleges that, during her employment, she worked in excess of 40 hours in a given work week without being paid overtime.  (*Id.* at ¶ 5).  Due to this failure, she has brought a single claim of Failure to Pay Overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 207 *et. seq.*

---

[1] Plaintiffs have also filed a Motion for Conditional Certification.  (Doc. 11).  The Court will deny this Motion as moot because the Court is compelling arbitration between the parties.  However, this denial is without prejudice to re-file.

(*Id*. at ¶¶ 64–71).  She has brought this claim on her own behalf and on behalf of any Collective Members.  (*Id*. at ¶ 64).  Plaintiff Rake filed a notice of consent to opt-in on November 13, 2024.  (Doc. 5).  Defendant seeks to compel Plaintiffs to arbitrate their claims against it as they signed an Alternative Dispute Resolution ("ADR"). (Docs. 12 & 24).

## II.    Legal Standard

The Federal Arbitration Act ("FAA") allows "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4.  If a party has failed to comply with a valid arbitration agreement, the district court must compel arbitration.  *Id.*  The district court must also stay the proceedings pending resolution of the arbitration at the request of one of the parties bound to arbitrate.  *Id.* at § 3; *see also Smith v. Spizzirri,* 601 U.S. 472, 472 (2024) (holding that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding" rather than dismissing the suit).

## III.    Discussion

Defendant argues that a valid, binding arbitration agreement exists here and that this agreement strips the Court of subject matter jurisdiction.  (Doc. 12 at 1).  Plaintiffs only argument against arbitration is that Defendant has waived its right to compel arbitration. (Doc. 16 at 3; Doc. 28 at 1).  Plaintiffs also argue in the alternative that, if the Court compels arbitration, it should stay the case instead of dismissing it.  (Doc. 16 at 8–9 (citing *Spizzirri*, 601 U.S. at 472)).

Plaintiff Blair has also moved to strike Defendant's "Exhibit A" from Defendant's Reply to its Motion to Compel (Doc. 16-1), arguing that the exhibit is improper and untimely.  (Doc. 22).  Plaintiff Rake has moved to strike Defendant's Motion to Compel Arbitration against her as well (Doc. 24).  The Court will first address Plaintiffs' Motions to Strike before moving on to the arbitration specific issues.

**A.    Plaintiffs' Motion to Strike (Docs. 22 & 28)**

Plaintiffs have both moved to strike Defendant's filings.  Plaintiff Blair moves to strike Defendant's "Exhibit A" from its Reply to the Motion to Compel (Doc. 16-1), arguing that the exhibit is improper and untimely.  (Doc. 22 at 2).  Plaintiff Rake argues that Defendant's Motion to Compel Arbitration against her (Doc. 24) should be stricken because it failed to invoke the ADR Agreement prior to the filing of Plaintiff's Motion for Conditional Certification and because it waived its arbitration defense.  (Doc. 28 at 1–2).

Defendant argues that Plaintiff Blair's Motion to Strike fails because the evidence it submitted was rebuttal evidence and because it also filed a separate motion to compel arbitration which moots the Motion to Strike.  (Doc. 25 at 2).  Defendant also argues that Plaintiff Rake's Motion to Strike its Motion to Compel is "pure procedural gamesmanship" and inappropriate under Rule 12(f).  (Doc. 29 at 12).  The Court will address the waiver issue below, *see infra* Section III.B, but will not strike Defendant's filings.

Generally, courts "do not consider new evidence first submitted in a reply brief because the opposing party has no opportunity to respond to it." *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1104 (N.D. Cal. 2017) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)).  "A district court may refuse to consider new evidence submitted for the first time in a reply if the evidence should have been presented with the opening brief." *Wallace v. Countrywide Home Loans, Inc.*, 2009 WL 4349534, at *7 (C.D. Cal.2009). "Evidence submitted in direct response to evidence raised in the opposition, however, is not 'new.' " *In re ConAgra Foods, Inc.* 2014 WL 4104405, at *33 n. 87 (C.D. Cal. August 1, 2014) (relying on *Edwards v. Toys "R" US*, 527 F.Supp.2d 1197, 1205 n. 31 (C.D. Cal. 2007)).

Here, in Plaintiff Blair's Response to the Motion to Compel, she argues that Defendant "waived its right to compel arbitration regarding" Plaintiff Rake.  (Doc. 16 at 7). In fact, she spent a whole section on this argument—but did not argue against the validity of the agreement.  (*See id*. at 7–9).  By raising this argument, Plaintiff Blair opened the door to a rebuttal argument, and evidence, regarding Plaintiff Rake.  *See In re ConAgra*

*Foods, Inc*. 2014 WL 4104405, at *33 n. 87.

Furthermore, Plaintiffs' arguments that Defendant's Reply should be stricken (Docs. 22 & 28) are moot as the Court may consider new arguments or evidence if the opposing party has an opportunity to respond.  *See El Pollo Loco, Inc. v. Hashim,* 316 F.3d 1032, 1040–41 (9th Cir. 2003) (holding that the district court did not abuse its discretion in considering an argument raised for the first time in a reply brief because the adverse party had an opportunity to rebut the argument at the hearing and "the district court listened to, considered, and rejected" the rebuttal argument).  By filing a separate Motion to Compel Arbitration against Plaintiff Rake, Defendant triggered a new briefing schedule which gave her an opportunity to respond—where she again moved to strike Defendant's filings and argued waiver only (and not invalidity of the ADR Agreement) (Doc. 28).  *See* LRCiv 7.2 ("The opposing party shall . . . have fourteen (14) days after service in a civil or criminal case within which to serve and file a responsive memorandum.").

In sum, Defendant's Reply proffered rebuttal evidence in direct response to evidence raised by Plaintiff Blair, so, it is not "new" evidence and the Court may consider it.  *In re ConAgra Foods, Inc*. 2014 WL 4104405, at *33 n. 87.  And, in any event, Defendant's separate filing moots the Motions to Strike (Docs. 22 & 28) since it gave Plaintiffs an opportunity to rebut the argument.  *See El Pollo Loco,* 316 F.3d at 1040–41.

**B.     Whether Defendant Waived the Right to Arbitrate**

When a party who has agreed to arbitrate a dispute instead brings a lawsuit, the FAA entitles the defendant to file an application to stay the litigation and seek to resolve the dispute in arbitration. *See Morgan v. Sundance, Inc*., 596 U.S. 411, 413 (2022) (citing 9 U.S.C. § 3).  Recently, the Supreme Court held that there is no special policy in favor of arbitration; rather, the policy of the FAA is for arbitration agreements to be enforced as any other contract would be.  *Id*. at 418.  Specifically, regarding agreements to arbitrate, waiver "generally requires 'an existing right, a knowledge of its existence, and an actual intention to relinquish it, or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished,' with no required showing of

prejudice." *Armstrong v. Michaels Stores, Inc*., 59 F.4th 1011, 1014 (9th Cir. 2023) (quoting *United States ex rel. Army Athletic Ass'n v. Reliance Ins. Co*., 799 F.2d 1382, 1387 (9th Cir. 1986)).  In other words, "the party asserting waiver must demonstrate: (1) knowledge of an existing right to compel arbitration and (2) intentional acts inconsistent with that existing right."  *Id.* (citing *Hill v. Xerox Bus. Servs*., 59 F.4th 457, 468–69 (9th Cir. 2023)).

The inquiry focuses on the behavior of the party trying to enforce the arbitration clause.  *Morgan*, 596 U.S. at 419.  There is no "concrete test" for assessing whether a defendant took actions inconsistent with its right to arbitrate.  Instead, courts consider the totality of the parties' actions.  *Armstrong*, 59 F.4th at 1011.  A party generally acts inconsistently with exercising the right to arbitrate when it does the following: "(1) it makes an intentional decision not to move to compel arbitration and (2) it actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court."  *Id.* (citation omitted).  Additionally, the "[f]ailure to raise an arbitration agreement as an affirmative defense is not a binding waiver of the right to arbitrate."  *Branco v. Norwest Bank Minnesota, N.A.*, 381 F. Supp. 2d 1274, 1279 (D. Haw. 2005) (citation omitted).

Defendant argues that it preserved its right to arbitrate in its Answer (Doc. 9) by asserting affirmative defenses that directly referenced the arbitration agreement and its collective action waiver.  (Doc. 20 at 9).  It also argues that "Plaintiff's reliance on undersigned counsel's prior representations of Defendant to establish knowledge is misplaced" and that its actions were entirely consistent with its intent to arbitrate.  (*Id*. at 7–8).  Plaintiffs argue that Defendant has waived its right to compel arbitration by failing to invoke this right until after it answered the Complaint.  (Doc. 16 at 3; Doc. 28 at 1).  The Court finds that Defendant has committed no intentional acts inconsistent with its right to arbitrate.

The word "arbitration" does not appear in Defendant's Answer.  (*See* Doc. 9).  However, Defendant argues that "Plaintiff's claims are barred in whole or in part because Plaintiff failed to exhaust applicable statutory, administrative and/or **contractual**

*procedures* and/or remedies, or otherwise failed to properly perfect a right of action against Defendant." (*Id*. at ¶ 6). Defendant also correctly points out that it asserted "[t]o the extent any members of the putative collective have *signed a release and/or waiver encompassing claims alleged in the Complaint* or a contractual waiver or agreement contrary to *their claims herein, their claims are barred by that release, waiver or agreement*." (*Id*. at ¶ 29) (emphasis added). Eight days after filing its Answer, Defendant filed its Motion to Compel Arbitration against Plaintiff Blair on December 17, 2024. (Doc. 12). It argues for arbitration against Plaintiff Rake in its Reply (Doc. 20) and has also separately moved to compel arbitration against Plaintiff Rake. (Doc. 24).

Defendant's Answer does not show that Defendant "made an intentional decision not to move to compel arbitration" nor has it "actively litigate[d] the merits of [the] case for a prolonged period of time in order to take advantage of being in court." *Armstrong*, 59 F.4th at 1011. Conversely, it moved to compel arbitration against Plaintiff Blair 35 days after she filed her Complaint. (*Compare* Doc. 1 *with* Doc. 12). It also separately moved to compel arbitration against Opt-In Plaintiff Rake after she filed her Notice of Opt-In Consent. (*Compare* Doc. 5 *with* Doc. 24). While Defendant did not specifically mention an "arbitration" defense in its Answer, it did assert a defense of "contractual procedures and/or remedies." (Doc. 9 at ¶ 6). Even if Defendant failed to "to raise an arbitration agreement as an affirmative defense[,]" which it did not, such a failure "is not a binding waiver of the right to arbitrate." *Branco*, 381 F. Supp. 2d at 1279. Instead, a waiver of an arbitration defense occurs where the party asserting waiver demonstrates "(1) knowledge of an existing right to compel arbitration and (2) intentional acts inconsistent with that existing right." *Armstrong*, 59 F.4th at 1011. Plaintiff has not demonstrated that Defendant has committed any intentional acts inconsistent with that existing right. *See id*. Thus, the Court concludes that Defendant has not waived its right to compel arbitration.

## C.    Whether the Arbitration Agreement is Valid

The party opposed to arbitration bears the burden of showing the arbitration agreement is invalid or does not encompass the claims at issue. *See Green Tree Fin. Corp.-*

*Ala. v. Randolph*, 531 U.S. 79, 92 (2000).  In determining whether to compel arbitration, the court must limit its review to (1) whether a valid agreement to arbitrate exists and, if so, (2) whether the agreement encompasses the dispute at issue.  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  If the answer is affirmative on both queries, then the court must enforce the arbitration agreement in accordance with its terms.  *Id*.  If a genuine dispute of material fact exists as to these queries, a court should apply a "standard similar to the summary judgment standard of [Federal Rule of Civil Procedure 56]."  *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004).

Because motions to compel arbitration are subject to the Rule 56 summary judgment standard, *Unilever, PLC*, 350 F. Supp. 2d 796, 804, "the 'deemed admitted' practice applies here."  *Perryman v. Genoa Healthcare LLC*, 2024 WL 4648945, at *3 (D. Or. Nov. 1, 2024) (quoting *State Farm Fire & Cas. Co. v. Norton*, 2020 WL 6946450, at *2 (D. Or. Nov. 25, 2020)).  This practice stems from the 2010 amendment to Federal Rule of Civil Procedure 56(e), which allows a fact to be "deemed admitted" where a party fails to respond to an asserted fact.  *See Norton*, 2020 WL 6946450, at *2.

Plaintiffs do not contest the validity of the arbitration agreements.  (Docs. 16 & 28).  Defendant asserts that the following arbitration agreement was entered into by the parties:

> I agree that if I am unable to resolve any dispute through the internal policies and procedures of Barrett Financial Group, ***I will mediate and arbitrate (instead of filing a lawsuit or discrimination charge with any court or governmental agency) any legal claim that I might have against Barrett Financial Group or its employees, in connection with my employment or termination of employment***, including but not limited to any claim of employment discrimination or harassment based on age, sex, marital status, religion, sexual orientation, national origin, disability or status with respect to receipt of public assistance, under federal or state law or city ordinance, whether arising out of issues or matters occurring before the date of this Agreement or after such date.

(Doc. 12-1 at 2; Doc. 24-1 at 2).  Plaintiffs also agreed that "the Employee Dispute Resolution Rules of the American Arbitration Association will apply to any resolution of any such arbitration matters" and that the agreement to arbitrate was a condition of their

employment.  (Doc. 12-1 at 3; Doc. 24-1 at 3).

The Court need only address whether Plaintiffs agreed to arbitrate with Defendant because they do not dispute that the agreement covers their claims.  *Knapke v. PeopleConnect, Inc*, 38 F.4th 824, 831 (9th Cir. 2022) (limiting the two-part inquiry to "whether [the plaintiff] agreed to arbitrate with [the defendant]" because the plaintiff did not dispute that the arbitration clause covers her claim).  The Court finds that the FAA requires it to enforce the ADR Plaintiffs each agreed to in accordance with its terms.  The ADR specifically states that the employees agree to arbitrate "any" legal claim they have against Defendant "in connection with [their] employment or termination of employment." (Doc. 12-1 at 2; Doc. 24-1 at 2).  Reviewing the ADR entered into between the parties, the Court finds that a valid agreement to arbitrate exists. *See Chiron Corp.*, 207 F.3d at 1130; *Knapke*, 38 F.4th at 831.

### D.    Stay of Proceedings Pending Arbitration

Plaintiff Blair asks the Court to stay the matter pending arbitration if it compels arbitration between the parties.  (Docs. 16 at 8–9).  Opt-In Plaintiff Rake does not address whether the matter should be stayed.  (*See* Doc. 24).  Defendant argues that the waiver of collective action agreement allows the Court to dismiss, rather than stay, the action. (Doc. 20 at 8–9).  Not so.

"Section 3 of the [FAA] . . . provides that[ ] when a district court finds an issue 'referable to arbitration,' the court 'shall on application of one of the parties stay the trial of the action' pending arbitration." *Woody v. Coinbase Glob., Inc*., 2024 WL 4532909, at *1 (9th Cir. 2024) (quoting 9 U.S.C. § 3).  The Supreme Court recently clarified that Section 3 of the FAA is mandatory: "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, [Section] 3 of the FAA compels the court to stay the proceeding" rather than dismissing the suit. *Spizzirri*, 601 U.S. at 472.  Because Plaintiff Blair has requested that the Court stay this matter pending arbitration, the Court must do so. *See id*.

Accordingly,

**IT IS ORDERED** that Defendant's Motions to Compel Arbitration (Docs. 12 & 24) are **GRANTED**. This matter is **STAYED** pending arbitration between the parties.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Status Report as to the arbitrability of Plaintiff's claims within five (5) days of the arbitrator rendering a decision on its jurisdiction over Plaintiff's claims. The parties shall file a Joint Status Report as to the status of arbitration on or before October 1, 2025, and thereafter every three (3) months while arbitration is pending.

**IT IS FURTHER ORDERED** that Plaintiff Blair's Motion to Strike (Doc. 22) and Plaintiff Rake's Motion to Strike (Doc. 28) are **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion to Certify Class (Doc. 11) is **DENIED as moot**.

Dated this 1st day of July, 2025.

Honorable Diane J. Humetewa
United States District Judge